IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JASMON JERMAINE DUFFY, #100164**                                            **PLAINTIFF**
**A.K.A. JASMINE DUFFY**

**VERSUS**                                          **CIVIL ACTION NO. 2:12-cv-157-KS-MTP**

**BOB HELFRICH, ET AL.**                                                       **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Duffy, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* on October 9, 2012. The named Defendants are Bob Helfrich, Forrest County Circuit Court Judge; Patricia Burchell, Forrest County District Attorney; Lou Ellen Adams, Forrest County Circuit Clerk; and Robert Ramsey, probation officer for MDOC. Upon liberal review of the Complaint, subsequent pleadings and attachments, the Court has reached the following conclusions.

**I.     Background**

On April 7, 2006, Plaintiff pled guilty to burglary of a dwelling in Forrest County Circuit Court. Plaintiff was sentenced to serve twenty years in the custody of MDOC, with seventeen years suspended, followed by a five-year term of post-release supervision. Plaintiff states that he was released from incarceration in November of 2007, and later arrested by the Hattiesburg Police Department on July 9, 2011, for simple robbery. Plaintiff was indicted for this robbery charge by a Forrest County Grand Jury on September 26, 2011. Plaintiff's term of post-release

supervision for the burglary conviction was revoked by Judge Helfrich on September 27, 2011. As a result, Plaintiff was sentenced to serve the remaining seventeen-years of his 2006 suspended sentence in the custody of MDOC.

Plaintiff argues that the revocation of his post-release supervision was invalid and unconstitutional, therefore he is illegally imprisoned.  Plaintiff claims that the simple robbery charge was the reason his post-release supervision was revoked but that charge has since been dismissed.  Plaintiff also claims that he was not provided a preliminary revocation hearing and that his final revocation hearing was invalid because the State did not properly file a petition to revoke post-release supervision with the Circuit Court.  Plaintiff further complains that he was arrested twice before the 2011 simple robbery arrest and his post-release supervision was not revoked for those arrests and that the other reasons listed in the revocation order pertain to a failure to pay probation fees and fines, which standing alone cannot be grounds for the revocation of his post-release supervision.  As relief, Plaintiff seeks his immediate release from incarceration and monetary damages.

**II.     Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Duffy to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Release from incarceration

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(release from incarceration is not available as relief in a suit filed pursuant to § 1983). Plaintiff's claims regarding the validity of his post- release supervision revocation and current term of imprisonment do not challenge the conditions of his confinement, but instead challenge the fact or duration of his confinement, and thus are habeas in nature. Therefore, Plaintiff's request for release from incarceration will be dismissed from this § 1983 case, without prejudice.[1]

### B. Request for monetary damages

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's damages claim. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court addressed

---

[1]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court found that it is not:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994). The rule set forth in *Heck* also applies to probation and parole revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)(holding plaintiff's claims were barred by *Heck*, since they would, if true, necessarily imply the invalidity of the revocation of his probation and parole). If the Court were to find in Plaintiff's favor and determine that the revocation of his post-release supervision was unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Plaintiff has failed to demonstrate that his 2006 burglary conviction and sentence or the 2011 revocation of his post-release supervision have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck,*

512 U.S. at 487. [2] Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. *See Cougle v. County of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008)("Cougle has not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by *Heck* as a prerequisite for this case to proceed.").

### III.  Conclusion

As discussed above, Plaintiff's request for release from incarceration is properly pursued in a habeas corpus petition and will be dismissed from this § 1983 case without prejudice. Plaintiff's request for monetary damages will be dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice until the *Heck* conditions are met. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous);  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding "[u]nder *Heck,* Johnson cannot state a claim so long as the validity of his conviction has not been called into question as defined therein" and such claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

Since Plaintiff's § 1983 claims are dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, this dismissal will count as a "strike."  *See* 28 U.S.C. § 1915(g).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

---

[2]Plaintiff was ordered to specifically state if the conviction and sentence responsible for his current incarceration had been invalidated by any of the means set forth in *Heck*.  Plaintiff responded that the 2011 simple robbery charge had been dismissed but failed to address the burglary conviction, sentence and post-release supervision revocation that is responsible for his current incarceration.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 9th day of January, 2013.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE